NOT FOR PUBLICATION (Doc. No. 8, 14)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE WILSON, | |
| Plaintiff, | Civil No. 16-7915 (RBK/JS) |
| v. | **OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**KUGLER**, United State District Judge:

This matter comes before the Court upon Plaintiff Melanie Wilson ("Plaintiff")'s Motion to Amend (Doc. No. 14). Plaintiff specifically seeks to amend Counts III and IV of her complaint from claims under the Family Leave Act and New Jersey Wage and Hour Law to claims pursuant to the New Jersey Family Leave Act and the Fair Labor Standards Act of 1938. For the reasons discussed below, Plaintiff's motion is **GRANTED**. Defendants Bayside State Prison, State of New Jersey, and New Jersey Department of Corrections's motion to dismiss for lack of jurisdiction (Doc. No. 8) is **DENIED WITHOUT PREJUDICE**.

## I.  BACKGROUND

Plaintiff alleges significant workplace harassment in retaliation for her participation in a sexual harassment investigation and subsequent complaints regarding her own workplace harassment. Plaintiff filed her original complaint in New Jersey Superior Court in Cumberland County on September 1, 2016. (Doc. No. 1). Defendants removed the case to federal court on October 27, 2016. Defendants Bayside State Prison, State of New Jersey, and New Jersey

Department of Corrections moved to dismiss Counts III and IV of the Complaint for lack of subject-matter jurisdiction on December 21, 2016. Plaintiff filed the instant motion to amend on January 19, 2017.

## II. STANDARD

A plaintiff may amend their complaint after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* As the Supreme Court has explained,

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

The Court finds that leave to amend is proper. The Court notes that Plaintiff's motion is unopposed. The Court sees no indication that Plaintiff's motion to amend will cause undue delay at this point in the litigation, is motivated by bad faith or a desire to delay the proceedings, will cause undue prejudice to defendants, or will be futile.

Defendants Bayside State Prison, State of New Jersey, and New Jersey Department of Corrections filed a motion to dismiss Counts III and IV of the original complaint. Because the original version of a Complaint is superseded by any amended version, *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002), and Defendants' motion was directed at Plaintiff's original Complaint, Defendants' motion is moot. Thus, the Court denies the Defendants' Motion to Dismiss without prejudice.

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Amend is **GRANTED**. Defendants' Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

Dated: 01/31/2017                                        s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge