SHEBELL & SHEBELL, LLC
**John H. Sanders II, Esq. (ID# 036932001)**
655 Shrewsbury Avenue, Suite 314
Shrewsbury, New Jersey 07702
 (T) (732) 663-1122 (F) (732) 663-1144
Attorneys for Plaintiff
Our File No.: 49633 (JHS*cgt)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | |
|---|---|
| MELANIE WILSON,<br><br>       Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY; THE NEW JERSEY DEPARTMENT OF CORRECTIONS; BAYSIDE STATE PRISON; COUNTY OF CUMBERLAND; CHARLES EGBERT; ERIN NARDELLI; WILLIAM VARRELL; WILLIAM SARACENI; DANIEL OPPERMAN and JOHN/JANE DOES 1-10, Fictitious Defendant(s),<br><br>       Defendants. | Hon. Robert B. Kugler, U.S.D.J.<br>Hon. Joel Schneider, U.S.M.J.<br><br><br><br>**Civil Action**<br><br>No.1:16-cv-07915 (RBK-JS)<br><br>**AMENDED COMPLAINT** |

Plaintiff, Melanie Wilson, residing within the Township of Millville, County of Cumberland, and State of New Jersey, by way of Complaint against the Defendants herein states:

## ALLEGATIONS RELEVANT TO ALL COUNTS

1. Plaintiff Melanie Wilson, (hereinafter referred to as Plaintiff), is a current employee of Defendants, including The New Jersey Department of Corrections (hereinafter referred to as "NJ-DOC").

2. At all times relevant hereto, the Defendant, NJ-DOC, was and currently is a governmental agency subject to the laws of New Jersey, maintaining its address and location on Whittlesey Road, in Trenton, in the State of New Jersey.

3. At all times relevant hereto, the Defendant, State of New Jersey, was and currently is operating and in direct oversight of the operations of the Defendant NJ-DOC and was an employer of the Plaintiff.

4. At all times relevant hereto, the Defendant, County of Cumberland, was and currently is operating and in direct oversight of the operations of the Defendant NJ-DOC activities and operations at Defendant Bayside Prison and as was an employer of the Plaintiff.

5. At all times relevant hereto, the Defendant, Bayside State Prison, was and currently is a governmental operated male prison subject to the laws of New Jersey, located in the county of Cumberland, in the State of New Jersey and is also the location where the Plaintiff's workplace is located.

6.    For a time period relevant hereto, which ended upon his voluntary departure from the Plaintiff's employer, Defendant, Charles Egbert, was a supervisor of the Plaintiff and/or who ranked above the Plaintiff and also who had direct responsibility for the terms and conditions of her employment with the Defendants and/or her workplace environment.

7.    For a time period relevant hereto, which ended upon her transfer from the Bayside State Prison, Defendant, Erin Nardelli, was in a superior position to the Plaintiff and/or who ranked above the Plaintiff and also who had direct responsibility for the terms and conditions of her employment with the Defendants and/or her workplace environment including the investigation of claims and the handling of investigations which had a direct impact upon the working environment of the Plaintiff in which position she had control over the management of the operations directly impacting the Plaintiff's workplace.

8.    At all times relevant hereto, William Varrell, was in a superior position to the Plaintiff and/or who ranked above the Plaintiff and also who had direct responsibility for the terms and conditions of her employment with the Defendants and/or her workplace environment which had a direct impact upon the working environment of the Plaintiff in which position he had control over the management of the operations directly impacting the Plaintiff's workplace.

9. At all times relevant hereto, William Saraceni, was in a superior position to the Plaintiff and/or who ranked above the Plaintiff and also who had direct responsibility for the terms and conditions of her employment with the Defendants and/or her workplace environment which had a direct impact upon the working environment of the Plaintiff in which position he had control over the management of the operations directly impacting the Plaintiff's workplace.

10. At all times relevant hereto, Daniel Opperman, was in a superior position to the Plaintiff and/or who ranked above the Plaintiff and also who had direct responsibility for the terms and conditions of her employment with the Defendants and/or her workplace environment which had a direct impact upon the working environment of the Plaintiff in which position he had control over the management of the operations directly impacting the Plaintiff's workplace.

11. At all times relevant hereto, the individually named Defendants, Charles Egbert, Erin Nardelli, William Varrell, William Saraceni, and Daniel Opperman were directly involved with and had direct responsibility for the management and control over the operations aforementioned employer Defendants, all acting individually or collectively to take reprisals against the Plaintiff for her opposition to acts which are and were prohibited by state and/or federal law under the New Jersey Law Against Discrimination and also Title VII of the Civil Rights Act of 1964 and further that they aided, abetted, incited, compelled or coerced the commission of reprisals against

the Plaintiff for her opposition to those prohibited acts, and also other acts of direct discrimination and harassment against the Plaintiff based on her gender which is female.

12.  At all times relevant herein, Defendant(s), John/Jane Doe(s), 1-10, are fictitious names representing unknown parties who, as other employees of the employer Defendants, were present and aware of the alleged acts against the plaintiff and/or conspired with and/or willfully ignored the illegal actions with named Defendants in their actions against the Plaintiff, and/or aided, abetted, incited, compelled or coerced the commission of reprisals against the Plaintiff for her opposition to those prohibited acts, and also engaged in other acts of direct discrimination and harassment against the Plaintiff based on her gender which is female, and therefore are liable for the injuries suffered.

13.  From June 2000, the Defendant employers hired the Plaintiff, Melanie Wilson, who, as of 2014 remained employed with the Defendants in the position of "Communications Officer-Secured Facilities".

14.  At all times relevant hereto the Plaintiff performed her job duties as a "Communications Officer-Secured Facilities".

15.  At all times relevant hereto the Plaintiff's work as a "Communications Officer-Secured Facilities" met the reasonable expectations of her employers.

16.     In March 2014, while working for Defendants, the Plaintiff supported and gave statements to the Defendants regarding the sexual harassment complaints of her co-worker Denise DeBellis against a superior at the Defendant employers' workplace, Sargent Harold Shelton.

17.     The aforementioned act of supporting and providing information concerning the sexual harassment claim of a female co-worker was protected activity under state and federal laws and/or under the New Jersey Law Against Discrimination and/or also Title VII of the Civil Rights Act of 1964.

18.     It is illegal under state and federal law for any of the named Defendants to engage in retaliation against employees who engage in activity protected under those laws.

19.     The Defendant employers failed to have a system in place to protect the Plaintiff from retaliation which was effective, and despite the fact that notice was repeatedly provided by the Plaintiff as soon as June 10, 2014 that she was suffering workplace harassment and intimidation from Supervisory custody staff and co-workers from June 3-5 at Bayside State Prison and thereafter, and despite the fact that she was a cooperating witness in the ongoing investigation into the harassment of her female co-worker by a superior male officer, no appropriate action was taken and the Plaintiff suffered further illegal discrimination, harassment and intimidation.

20. Further acts of illegal workplace harassment continued, which has been ongoing from the events described in the above referenced paragraphs and continue to the present day, included the Plaintiff being called a "SNITCH" by way of a note on her work station and "YOU'LL GET YOURS" as well as other notes, being treated differently and in a hostile manner by her co-workers in an effort to ostracize and isolate her. Again, all of this evidence, including the notes themselves, were provided by the Plaintiff to her superiors following directions and a chain of command that she was instructed by the employer Defendants to follow.

21. Through June and July of 2014, the Plaintiff continued to suffer retaliation, including from the human resources department which improperly categorized the Plaintiff's approved intermittent family leave as sick time, and then charged the Plaintiff with "Chronic or excessive absenteeism" and "failure to follow call off/call on procedures". The supervisor that charged the Plaintiff explained that she was "'told' to put a packet together", which charges were a part of the ongoing retaliatory action taken against the Plaintiff and were also in violation of her rights under the New Jersey Family Leave Act, N.J.A.C. § 13:14-1.1., et seq.

22. In July 2014, the Plaintiff was further informed that a letter containing naked pictures of the Plaintiff and a lewd description of her was distributed via regular mail and also via Interoffice Mail of Bayside State Prison to the home of a superior and also to Defendant Nardelli,

respectively. At that time, part of Defendant Nardelli's job duties included human resources duties relating to the Plaintiff's reports of retaliation.

23. In August 2014, the Plaintiff received threats directly through Interdepartmental mail including a picture and a note indicating "NEVER RAT ON YOUR FRIENDS AND ALWAYS KEEP YOUR MOUTH SHUT," and on September 1, 2014 a pink envelope addressed to "Operator Snitch".

24. On September 2, 2014, the Plaintiff was presented with the envelope and the letter and photos that were sent to a supervisor and demanded by Defendant Nardelli that she immediately provide a handwritten responsive statement, and also told that she would not be provided with a copy of the documents.

25. In September 2014, the Plaintiff made additional complaints with the New Jersey Equal Employment Division, which investigation was directed by the Defendants, including individual Defendant Nardelli all of whom violated their own policies intentionally, or with substantial certainty that the Plaintiff would be subjected to additional retaliation and for which, against her request, the Plaintiff was interviewed at Bayside State Prison, at which time it is believed that the Plaintiff's co-workers and superiors became aware of her making a complaint and made any anonymity of the complaint impossible to maintain.

26. As a result, the Plaintiff was subjected to additional retaliation. The retaliation included sabotage of her scheduling, harassment from co-workers and superiors. When the Plaintiff suffered a stroke as a result of the extreme and prolonged stress caused by the hostile work environment, the Plaintiff was subjected to further retaliation by Defendant Saraceni who illegally refused to allow her absences to be covered under the New Jersey Family Leave Act, N.J.A.C. § 13:14-1.1., et seq.

27. Retaliation continued into 2016, when Defendant Saraceni refused to correct issues related to his illegal denial of family leave. Defendant Saraceni, working in concert with the other retaliating Defendants, created ongoing frank and obvious errors related to the Plaintiff's pay, which they refused to correct upon demand by the Plaintiff, in violation of the Fair Labor Standards Act of 1938, and refused to grant and or even acknowledge the Plaintiff's rights under the New Jersey Family Leave Act, N.J.A.C. § 13:14-1.1., et seq.

28. Plaintiff filed timely administrative charges of discrimination against the Defendants with the U.S. Equal Employment Opportunity Commission (EEOC) and the New Jersey Department of Civil Rights (DCR).

29. The EEOC issued a letter of determination on June 6, 2016, granting the Plaintiff 90 days to file the present lawsuit for her claims.

## FIRST COUNT
## NEW JERSEY LAW AGAINST DISCRIMINATION

30. Plaintiff, Melanie Wilson, repeats and re-alleges each and every allegation contained in Paragraph 1 through 29 above in this Complaint as if more fully set forth herein.

31. At all times relevant hereto, the Defendants were Employers and/or agents of the employer of the Plaintiff and were covered by and subject to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq.

32. The conduct of the Defendants, The New Jersey Department of Corrections, The County of Cumberland, the State of New Jersey, Bayside State Prison, Defendants, Charles Egbert, Erin Nardelli, William Varrell, William Saraceni, and Daniel Opperman, jointly, individually and severally, and the treatment of the Plaintiff, constitutes unlawful discrimination, harassment, hostile workplace environment, and retaliatory conduct that represent numerous frank violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq.

33. As a direct and proximate result of the actions of the Defendants, The New Jersey Department of Corrections, The County of Cumberland, the State of New Jersey, Bayside State Prison, Defendants, Charles Egbert, Erin Nardelli, William Varrell, William Saraceni, and Daniel

Opperman, jointly, individually and severally, the Plaintiff has suffered and will continue to suffer embarrassment, humiliation and emotional distress.

WHEREFORE, Plaintiff, Melanie Wilson, demands judgment against the Defendants, The New Jersey Department of Corrections, The County of Cumberland, the State of New Jersey, Bayside State Prison, Charles Egbert, Erin Nardelli, William Varrell, William Saraceni, and Daniel Opperman, jointly, individually and severally, for compensatory and punitive damages, together with pre-judgment interest, counsel fees, costs of suit and such other relief that the Court deems to be just and equitable.

## SECOND COUNT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. Plaintiff repeats each and every allegation of the First Count of this Complaint, and Allegation paragraphs 1 through 29, as if more fully set forth herein.

35. At all times relevant herein, the Defendants' conduct was in direct violation of Title VII of the Civil Rights Act of 1964, which makes unlawful discrimination against the Plaintiff on the basis of her gender illegal and which prohibits retaliation against the Plaintiff for her support of the sexual harassment claim of her co-worker.

36. As a result of Defendant's unlawful, retaliatory conduct, the Plaintiff has and continues to suffer economic damages. Defendants' conduct is a violation of Title VII of the Civil Rights Act of 1964, which prohibits direct discrimination based on gender and also which prohibits

retaliation against employees by employers against employees for supporting the claim of another person who has a claim of workplace sexual harassment.

WHEREFORE, Plaintiff, Melanie Wilson, demands judgment against the Defendants, The New Jersey Department of Corrections, The County of Cumberland, the State of New Jersey, Bayside State Prison, jointly, individually and severally, for compensatory and punitive damages, together with pre-judgment interest, counsel fees, costs of suit and such other relief that the Court deems to be just and equitable.

## THIRD COUNT
## NEW JERSEY FAMILY LEAVE ACT

37.     Plaintiff repeats each and every allegation of the First and Second Counts of this Complaint, and Allegation paragraphs 1 through 29, as if more fully set forth herein

38.     The Defendants qualify as an "employer" as that term is defined in the New Jersey Family Leave Act, N.J.A.C. § 13:14-1.1., et seq., and that Plaintiff is an "eligible employee" as that term is defined in the New Jersey Family Leave Act, N.J.A.C. § 13:14-1.1., et seq..

39.     Plaintiff should have been granted an "entitlement to leave" as defined in the N.J.A.C. § 13:14-1.1., et seq., and that Plaintiff was denied her entitlement to leave as prescribed in New Jersey Family Leave Act.

40.     Defendant employers were responsible for this violation under the New Jersey Family Leave Act, N.J.A.C. § 13:14-1.1., et seq.

41. As a result of Defendant's unlawful, conduct, the Plaintiff has and continues to suffer economic damages including liquidated damages, other losses for wages, salary and benefits, as well as future wages, salary and benefits that the Plaintiff will lose as a result of the Defendants actions.

WHEREFORE, Plaintiff, Melanie Wilson, demands judgment against the Defendants, The New Jersey Department of Corrections, The County of Cumberland, the State of New Jersey, Bayside State Prison, jointly, individually and severally, for compensatory and punitive damages, civil fines, together with pre-judgment interest, counsel fees, costs of suit and such other relief that the Court deems to be just and equitable.

## FOURTH COUNT
## FAIR LABOR STANDARDS ACT

42. Plaintiff repeats each and every allegation of the First through Third Counts of this Complaint, and Allegation paragraphs 1 through 29, as if more fully set forth herein.

43. The actions of the Defendants in failing to pay the Plaintiff wages owed by them to her constitutes violations of the Fair Labor Standards Act of 1938.

44. As a result of Defendant's unlawful, conduct, the Plaintiff has and continues to suffer economic damages from lost salary and is likely to continue to lose further salary in the future as a result of this practice of the Defendants.

WHEREFORE, Plaintiff, Melanie Wilson, demands judgment against the Defendants, The New Jersey Department of Corrections, The County of Cumberland, the State of New Jersey, Bayside State Prison, jointly, individually and severally, for compensatory and punitive damages, civil fines, together with pre-judgment interest, counsel fees, costs of suit and such other relief that the Court deems to be just and equitable.

SHEBELL & SHEBELL, L.L.C.<br>
Attorneys for Plaintiff<br>
By: _____<br>
JOHN H. SANDERS II, ESQ.<br>
Bar ID 036932001

Dated: 2/17/17

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all matters herein.

## TRIAL DESIGNATION

Pursuant to R. 4:5-1, John H. Sanders II, Esq., is hereby designated as trial counsel for the within matter.

SHEBELL & SHEBELL, L.L.C.<br>
Attorneys for Plaintiff<br>
By: _____<br>
JOHN H. SANDERS II, ESQ.<br>
Bar ID 036932001

Dated: 2/17/17

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I certify that I am unaware of any other pending or contemplated lawsuit, arbitration or other proceeding concerning the subject matter in controversy. I certify that I am unaware of any non-party who should be joined in this action. I certify that all confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

SHEBELL & SHEBELL, L.L.C.
Attorneys for Plaintiff

By: _____
JOHN H. SANDERS II, ESQ.
Bar ID 036932001

Dated: 2/17/17