**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| Melanie WILSON, | |
| Plaintiff, | Civil No. 16-7915 (RBK/JS) |
| v. | **OPINION** |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion to Dismiss Counts 3 and 4 of Plaintiff's First Amended Complaint (Doc. No. 27), and the Plaintiff's Response (Doc. No. 30) and Defendants' Reply (Doc. No. 31) thereto. Also before the Court is Plaintiff's Cross Motion to Remand (Doc. No. 29).

The question we face today is: when a state entity has waived sovereign immunity on removal, does the Court have jurisdiction over the case itself, or just over the claims of the removed complaint?

Defendants removed this action from state court, after which Plaintiff amended her complaint to add two new counts. Thereafter the Defendants, asserting sovereign immunity, argued that the Court had no removal jurisdiction to entertain the new counts because immunity to suit in federal court had been waived only as to the counts of the original complaint. We hold we have jurisdiction over the case because the State has voluntarily chosen a federal court as its forum to

1

adjudicate this controversy. As such, Defendants' motion is **DENIED** and Plaintiff's cross motion for remand is **DENIED**.

I. BACKGROUND

Plaintiff Melanie Wilson brought a complaint against the State of New Jersey, the State of of New Jersey Department of Corrections, and Bayside State Prison (the "State Entity Defendants"), among others, in response to alleged workplace harassment and retaliation at her job. She alleged violations of the following statutes:

(1) New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 *et seq.*;

(2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

(3) New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11 *et seq.*; and

(4) Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

Defendants removed the matter to the U.S. District Court for the District of New Jersey, after which this Court granted Plaintiff leave to amend her complaint. Plaintiff added two new counts:

(5) New Jersey Family Medical Leave Act ("NJFLA"), N.J.A.C. § 13:14-1.1 *et seq.*; and

(6) Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

We note that the NJLAD and Title VII, the NJWHL and FLSA, and the NJFLA and FMLA are, respectively, state and federal counterparts covering similar legal territory.

The State Entity Defendants now move for dismissal of the new counts under Federal Rule of Civil Procedure 12(b)(1).[1] They argue this Court lacks subject-matter jurisdiction over the amended counts because sovereign immunity has not been waived with respect to these claims.

---

[1] Defendants have also nominally moved for dismissal under Rule 12(b)(6), but their arguments neither address nor focus on whether Plaintiff has failed to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). On a motion under Rule 12(b)(1), it is the plaintiff who bears the burden of establishing subject-matter jurisdiction. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elecs.*, 220 F.3d at 176. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id*. (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)). By contrast, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Id*. (citing *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)); *see United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## III. DISCUSSION

### A. Remand

We begin with whether jurisdiction is appropriate in the first instance, i.e., whether the Court must remand the matter to state court. "The removability of a legal matter is determined

from the plaintiff's pleadings at the time of removal." *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)). Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to that federal court with original jurisdiction over the action. This Court's original jurisdiction rests in its federal-question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims lie in the federal statutory schemes of Title VII and the FMLA. With respect to the state-law claims, these are all within the same "common nucleus of operative fact," namely, workplace harassment and retaliation allegations, and are appropriate under this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

The doctrine of sovereign immunity does not prevent this Court from hearing this case. Although sovereign immunity can operate as a bar to jurisdiction, "voluntary removal waives a State's immunity from suit in a federal forum." *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008). Defendants voluntarily invoked the jurisdiction of this Court, which has a "virtually unflagging obligation" to adjudicate cases properly brought before it. *See, e.g.*, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Since immunity at least as to the original complaint was waived, the Court has subject-matter jurisdiction, and Plaintiff's motion for remand is denied.

### B. Sovereign Immunity and Rule 12(b)(1)

Before evaluating whether dismissal of the amended counts is proper, this Court must first determine whether Eleventh Amendment immunity presents a question that falls within the scope of a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. We hold that it does.

The Eleventh Amendment was enacted in response to the Supreme Court's decision in *Chisholm v. Georgia*, which denied Georgia sovereign immunity in a suit brought by a South

Carolinian citizen. 2 U.S. (2 Dall.) 419, 420-29 (1793). Worries that the Supreme Court had just authorized citizen-creditors to collect on State debts incurred during the Revolutionary War swiftly led to the enactment of the Eleventh Amendment.[2] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. On its own terms, the Eleventh Amendment removes from a federal court's subject-matter jurisdiction diversity suits involving a state. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 771 (2002) (Stevens, J., dissenting) ("[T]he Eleventh Amendment is best understood as having overruled *Chisholm*'s subject-matter jurisdiction holding, thereby restricting the federal courts' diversity jurisdiction."); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) ("the text of the Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts").

Although the Eleventh Amendment restricts the federal courts' diversity jurisdiction, the Supreme Court has so far declined to decide whether sovereign immunity should be treated as a matter of subject-matter jurisdiction. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998) (noting that whether "Eleventh Amendment immunity is a matter of subject matter jurisdiction" is "a question we have not decided"); *cf. Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) ("The Amendment, in other words, enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction."). As the Tenth Circuit has explained, "Eleventh Amendment immunity doctrine is not easy to characterize. It shares features with affirmative defenses, while also containing traits more akin to subject matter

---

[2] *See* James E. Pfander, *History and State Suability: An "Explanatory" Account of the Eleventh Amendment*, 83 Cornell L. Rev. 1269, 1328 (1998) (outlining the backdrop and controversy surrounding the decision and the subsequent ratification of the Eleventh Amendment).

5

jurisdiction. It is best understood according to its own unique identity, rather than through its similarities with other legal doctrines." *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 941 (10th Cir. 2008).

The Third Circuit has taken a comparatively less expansive view of Eleventh Amendment immunity, finding the doctrine lacks qualities associated with subject-matter jurisdiction. *See In re Hechinger Inv. Co. of Delaware, Inc.*, 335 F.3d 243, 249 (3d Cir. 2003) (Alito, J.). The Third Circuit noted at least two features that suggest Eleventh Amendment immunity is not properly considered a question of subject-matter jurisdiction. *Id.* First, subject-matter jurisdiction cannot be stipulated to, but Eleventh Amendment immunity can be waived. *Id.* Second, a federal court must raise subject-matter jurisdiction *sua sponte*, but need not raise Eleventh Amendment immunity on its own motion. *Id.* The court in *Hechinger* also found that the Eleventh Amendment was not an issue that had to be resolved prior to reaching the merits. *Id.*[3] Taken together with the requirement that federal courts must evaluate questions of subject-matter jurisdiction as a threshold matter prior to reaching the merits, this indicates that sovereign immunity is not a matter of subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act *ultra vires*.").

Although Eleventh Amendment immunity is not, strictly speaking, a matter of subject-matter jurisdiction, the Third Circuit has nonetheless analyzed the jurisdictional aspects of sovereign immunity under Rule 12(b)(1). The Third Circuit faced a question similar to the one

---

[3] This approach is at odds with some other courts of appeals. *See, e.g.*, *Miner Elec., Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1009 (10th Cir. 2007) ("Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(1).").

6

before this Court in *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008). In *CNA*, the court considered whether the immunity of the federal government was best raised as a jurisdictional issue under Rule 12(b)(1), or as a merits question under Rule 12(b)(6) or Rule 56. The case concerned the Federal Tort Claims Act ("FTCA"), which has a set of statutory conditions that may waive sovereign immunity for the federal government, such as whether a federal employee acted within the scope of his employment. *See* 28 U.S.C. § 1346(b)(1). The Third Circuit held this statutory waiver provision was a jurisdictional issue properly analyzed under Rule 12(b)(1), "because the FTCA defines federal courts' jurisdiction to hear cases seeking damages from the Government, and the conditions on the FTCA's waiver of sovereign immunity appear in the same statutory provision that grants jurisdiction." 535 F.3d at 140. The court so held while fully aware that Rule 12(b)(1) has different procedural protections than Rule 12(b)(6) for the plaintiff. These include the burden of proving proper jurisdiction, a district court's duty to look beyond the pleadings to determine subject-matter jurisdiction, and the 12(b)(1) rule that no presumption of truthfulness attaches to the plaintiff's allegations. *Id.*

We discern a few principles from *CNA* that are relevant here. First, a 12(b)(1) motion may cover questions of immunity that are not questions of subject-matter jurisdiction, as laid out by the Third Circuit in *Hechinger*. 335 F.3d at 249. Second, the Third Circuit analyzed a question of statutory waiver of federal sovereign immunity under Rule 12(b)(1). This is analogous to the present issue, namely, whether the removal statute, 28 U.S.C. § 1441(b), similarly waives the default presumption of sovereign immunity for a state entity. We therefore find that Rule 12(b)(1) is a proper procedural device to address this issue, even if a sovereign's immunity to suit in federal court is not a question of subject-matter jurisdiction.

C. **Dismissal of the Amended Counts under 12(b)(1)**

We now consider whether dismissal of the amended counts is proper. The State Entity Defendants have challenged this Court's authority to hear the new counts, making a facial attack on the amended complaint. We note at the outset that amendment of a removed complaint is common. *See, e.g.*, *Costa*, 936 F. Supp. 2d at 457. And, whether filed originally in federal court or removed from state court, an amended complaint supersedes the original, when not otherwise defective. *See W. Run Student Housing Assoc., LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Finally, the new counts otherwise fall within this Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1367. Plaintiff argues this should be the end of the inquiry: the amended complaint was validly amended under the Federal Rules of Civil Procedure, so it should stand on that basis alone. But the Court must evaluate the question in more depth, both because if the Court lacks subject-matter jurisdiction over the two new counts it lacks the power to render any judgment on them, and because we have been asked to decide whether granting a motion under Rule 12(b)(1) is appropriate.

As noted, when a state entity removes to federal court, it waives its right to contest the federal court's authority to hear the case. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 620 (2002). This is because it would seem "anomalous or inconsistent" for a state to invoke federal jurisdiction and then declare that the same federal court is powerless to hear the case. *Id*. This waiver, however, only applies to the jurisdictional aspects of sovereign immunity, not to the state entity's liability under the claims alleged. *Lombardo*, 540 F.3d at 194 ("We can discern two distinct types of state sovereign immunity: immunity from suit in federal court and immunity from liability."). The crux of the waiver inquiry is whether a state entity consented to suit in federal court. *See Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 528 n.13 (1982) (O'Connor, J., concurring) ("the fact that the State or the United States may consent to federal

jurisdiction, does not render the Eleventh Amendment or the doctrine of sovereign immunity embodied in Art. III 'quasi' jurisdictional. Quite simply, where there has not been consent, there is no jurisdiction."). This is because the doctrine of sovereign immunity is a manifestation of our federalist system of governance, which "requires that Congress accord States the respect and dignity due them as residuary sovereigns and joint participants in the Nation's governance." *Alden v. Maine*, 527 U.S. 706, 709 (1999). Integral to the doctrine is preventing "the indignity of subjecting a nonconsenting State to the coercive process of judicial tribunals at the instance of private parties. . . ." *Id.* Because States "retain the dignity, though not the full authority, of sovereignty," *id.* at 715, they may therefore choose to hear a matter in their own court systems, not that of the federal government, unless immunity has been waived or abrogated.

It is uncontested that the State Entity Defendants removed and waived their right to contest the jurisdiction of this Court to hear the allegations set forth in the original complaint. Thus the only question remaining is whether this removal waived immunity to suit in federal court with respect to the other claims. This presents an ancillary issue as well, for if a state entity can assert after removal that a federal court only has jurisdiction over the claims of the original complaint, it can foreclose all future, unconsented amendments to the plaintiff's complaint. We note, furthermore, that Defendants are correct that the Third Circuit in *Lombardo* did not comment on whether removal was what Defendants term a "universal waiver," and they are similarly correct that waiver "must involve the intentional relinquishment or abandonment of a known right." 540 F.3d at 198 (citations and quotations omitted).

Yet it appears to this Court that the "known right" here does not focus on the claims themselves, as *Lombardo* emphasizes that the liability of a sovereign depends on the cause of action. 540 F.3d at 194; *see, e.g.*, *Garcia v. The Richard Stockton College of New Jersey*, 210 F.

Supp. 2d 545, 550 (D.N.J. 2002) ("[A] plaintiff may not sue the State of New Jersey, or its alter egos, under the NJLAD in federal court"). Rather, this "known right" speaks to a sovereign's entitlement to refuse the indignity of suit in a federal court, an entitlement that is jurisdictional in nature. We fail to see how it would be an indignity if this Court heard the new counts when the removal statute whose powers Defendants invoked expressly states "the entire action may be removed" provided the claims fall within this Court's original or supplemental jurisdiction. 28 U.S.C. § 1441. Where, as here, the new counts are state or federal analogs of counts existing in the original complaint and stem from the same underlying transaction, the counts are within this Court's jurisdiction. These claims do not concern a separate controversy, so sovereign immunity to suit in federal court is waived as to them as well. *See Druz v. Noto*, 2010 WL 2179550, at *5 (D.N.J. May 28, 2010) ("a waiver of sovereign immunity will extend to ancillary proceedings in the same matter, but not to separate and independent actions regarding that matter."), *aff'd*, 415 F. App'x 444 (3d Cir. 2011).

To hold otherwise would convert the removal statute—which merely operates as a change of forum, preserving all defenses for the defendant and applying the same substantive law as the state court—into a device that makes amendment impossible without the consent of a state entity. This is particularly important where, as here, Plaintiff has amended his complaint under Rule 15 of the Federal Rules of Civil Procedure, a procedural device ensuring due process. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000) ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees."); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard.") (quotations omitted); *Phillips v. Cty. of Allegheny*, 515 F.3d 224,

245 (3d Cir. 2008) ("a district court must permit a curative amendment unless such an amendment would be inequitable or futile").

Were this Court to conclude that removal by a State defendant places a blanket jurisdictional ban on all subsequent amendments, it could prejudice the other party. Plaintiff has a right to be heard, and "the party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). That right may, where appropriate, extend to amending the original complaint—an action we have already found apt in these circumstances when Plaintiff amended her complaint to add two counts that are essentially state and federal counterparts to counts pleaded in her original complaint. We note further that it would greatly complicate matters if a novel set of facts were to emerge in discovery that merited amendment of the complaint.

The availability of the affirmative defense of sovereign immunity is not affected by our decision today. *Lombardo* makes it plain that although "voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability." 540 F.3d at 198. Moreover, "the State may waive its immunity from liability without waiving its immunity from suit in federal court . . . and we so no reason to prohibit the inverse." *Id.* at 199; *see also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 251 (5th Cir. 2005) (concluding that there are two forms of sovereign immunity, immunity from suit and immunity from liability, and that a State's "waiver of one does not affect its enjoyment of the other").

We hold that when the State Entity Defendants selected the federal courts as a forum to hear this case, they voluntarily waived their objections to suit in this Court. When a State consents to jurisdiction on removal, it consents to the adjudication of the case or controversy, not specific

enumerated counts. Subject-matter jurisdiction over these claims is therefore proper since they concern the same case or controversy. Accordingly, the 12(b)(1) motion is denied.

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion is **DENIED** and Plaintiff's motion is **DENIED**.


Dated: 10/13/2017                                    s/Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge